Filed 1/28/22  P. v. Russell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE RUSSELL,<br><br>    Defendant and Appellant. | H046908<br>(Santa Clara County<br>Super. Ct. Nos. C1646111, C1643202) |

Defendant David Lee Russell was convicted of attempted aggravated kidnapping (kidnapping to commit rape); attempted kidnapping; assault with intent to commit rape; assault by force likely to cause great bodily injury; failure to update sex offender registration; and vehicle theft.  He has two prior convictions for assault with intent to commit rape.  The trial court sentenced him under the three strikes law to 129 years to life in prison, consecutive to a 33-year determinate term.  Defendant contends there is insufficient evidence to convict him for certain offenses that require proof of sexual intent and that the trial court incorrectly instructed the jury on the attempted kidnapping charges.  He also contends he was improperly convicted of both attempted aggravated kidnapping and the lesser offense of attempted kidnapping, and that the trial court erred by not applying Penal Code section 654 to stay the sentence for assault by force likely to cause great bodily injury.

We conclude sufficient evidence supports defendant's convictions and we find no instructional error.  Defendant is correct, however, that he cannot be convicted of both

attempted aggravated kidnapping and attempted kidnapping and that the sentence for assault by force likely to cause great bodily injury must be stayed. We will modify the judgment accordingly and affirm it as modified.

## I. BACKGROUND

In the summer of 2016, defendant attacked a 19-year-old woman at a bus stop in San Jose and tried to drag her away. She screamed, fought back, and broke free. Four days later, he did the same thing to another 19-year-old woman. She too managed to escape. Because defendant was a registered sex offender, police were able to identify him from security camera footage recorded during one of the incidents. They soon located and arrested him.

Defendant was charged with multiple offenses based on the theory that he was trying to kidnap the women to rape them. He was also charged with failing to update his sex offender registration because he had listed a business address as his residence. He was charged with vehicle theft because the car he was driving when arrested had been stolen.

Both women who were attacked testified at defendant's jury trial. The first described how she was shopping at a secondhand store when defendant approached and told her she had a nice body and they should go out to dinner. She testified they talked for about 20 minutes, though she spoke limited English and understood only about half of what defendant said. After she left the store, defendant pulled up in a white car and parked near the bus stop where she was waiting. He offered her a sweater and asked where she was going. She felt scared and walked away toward a different bus stop. Defendant followed with his car and confronted her at the second bus stop. He grabbed her and wrapped the sweater around her face and tried to drag her toward his car. She hit and scratched him until she could pull away. Defendant drove off as bystanders came to the woman's aid.

2

The second woman testified she was walking home listening to music with earbuds when defendant grabbed her from behind and covered her face with a sweatshirt. He put her in a headlock, bruising her neck, before dragging her several feet back. She fell to the ground and out of defendant's grasp; as he stood over her he said, "I didn't mean to hurt you." A man driving by saw what happened and called police. Defendant walked quickly away and was gone by the time officers arrived.

The jury heard evidence that defendant had twice before been convicted of assaulting women for the purpose of rape. Defendant stipulated he was convicted in 1992 of assault with intent to commit rape. He had been convicted of the same offense several years before that, and the victim in that incident testified about it in this trial. She had met defendant during a night out; he asked her for a ride home and assaulted her in the car. Over her repeated demands to stop, he pinned her down, tore off her shirt, unzipped her pants, and began touching her until she hit him in the face and escaped.

The prosecutor argued to the jury that defendant is predisposed to assault women for sexual purposes and that is what he was doing when he attacked the young women in this case. The defense conceded the incidents occurred essentially as the witnesses described, but characterized them as "bizarre" behavior without clear motivation that did not rise to the level of kidnapping. The jury convicted defendant on all charges: two counts of attempted kidnapping to commit rape (Pen. Code, §§ 209, subd. (b)(1); 664); two counts of attempted kidnapping (Pen. Code, §§ 207, subd. (a); 664); two counts of assault with intent to commit rape (Pen. Code, § 220, subd. (a)(1)); assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)); failure to update sex offender registration (Pen. Code, § 290.012, subd. (a)); and vehicle theft (Veh. Code, § 10851, subd. (a)). In a bifurcated proceeding, the trial court found true that defendant had two prior strike convictions.

Defendant was simultaneously sentenced in both this case and an unrelated case (No. C1643202) where a jury convicted him of assault by force likely to cause great

bodily injury (Pen. Code, § 245, subd. (a)(4)) and making criminal threats (Pen. Code § 422). Under the three strikes law, the court imposed an aggregate prison term of 129 years to life, consecutive to a 33-year determinate term.

## II. DISCUSSION

### A. SUFFICIENT EVIDENCE OF OFFENSES REQUIRING PROOF OF SEXUAL INTENT

Defendant contends there is insufficient evidence of two offenses against the second woman he attacked: attempted aggravated kidnapping (kidnapping to commit a sexual offense) and assault with intent to commit a sexual offense. He asserts that those crimes require intent to commit a specified sexual offense and there is insufficient evidence to prove he was acting with that intent when he attacked the second woman as she walked home.

To assess the sufficiency of the evidence, we review the record in the light most favorable to the judgment to determine whether it contains evidence that would allow a reasonable trier of fact to find the defendant guilty. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) We presume the existence of every fact that can reasonably be deduced from the evidence to support the judgment. (*People v. Medina* (2009) 46 Cal.4th 913, 919.) It is not our role to weigh the evidence or decide whether we agree with the jury's interpretation of it. Our task is merely to determine whether there is enough evidence in the record for the jury to reasonably conclude as it did.

Both challenged offenses require proof of specific intent to rape, orally copulate, penetrate with a foreign object, or sodomize the victim. (See Pen. Code, §§ 220, subd. (a); 209.) Defendant asserts the evidence relating to his attack on the second woman—that he approached her from behind in broad daylight, put a sweatshirt over her head, and dragged her a few feet back—falls short of establishing beyond a reasonable doubt that he acted with the intent to commit one of the specified sexual offenses.

4

We reject defendant's evidentiary challenge because the jury also heard evidence that he had twice previously assaulted women with the intent to rape them. The prior convictions for assault with intent to rape were admitted for two purposes: under Evidence Code section 1101, subdivision (b), to show that defendant previously attacked women with the intent to rape them, making it more likely he had the same intent here; and under Evidence Code section 1108, as evidence that he has a propensity to attack women for purposes of rape. Defendant's two prior convictions for assault with intent to rape, although remote in time, can reasonably show that he acted with the same intent on this occasion. (See *People v. Daniels* (2009) 176 Cal.App.4th 304, 316 [evidence of a prior rape supports an inference of the same intent in a kidnapping 15 years later].)

Defendant relies on *People v. Greene* (1973) 34 Cal.App.3d 622, 649 (*Greene*), which found insufficient evidence of sexual intent despite the defendant's prior sex offense convictions. But *Greene* is distinguishable because it predates the enactment of Evidence Code section 1108 and therefore the jury in that case was not able to consider the prior convictions as evidence of predisposition. Here, the prior offenses were admitted not only to create an inference that defendant harbored the same intent as in the previous incidents, but also to show he has a propensity to commit the charged offenses.

Defendant argues that convicting him based solely on evidence that he is predisposed to commit sexual offenses infringes on his right to due process. But that is not what happened here. Evidence was presented at trial, essentially undisputed, that defendant attacked the first young woman and tried to drag her away. It is not unreasonable for the jury to infer from that evidence, in addition to the prior convictions, that in defendant's otherwise unexplained attack on the second woman he was attempting to rape her. Sufficient evidence supports defendant's convictions for attempted aggravated kidnapping and assault with intent to commit rape.

## B. NO INSTRUCTIONAL ERROR

Defendant contends the trial court incorrectly instructed the jury on the definition of attempt, in relation to the charges of attempted aggravated kidnapping and the lesser offense of attempted kidnapping. He argues the instruction given allowed the jury to find him guilty of attempted aggravated kidnapping if it found he had attempted only simple kidnapping. Because defendant asserts the instruction was an incorrect statement of law, we find no forfeiture despite his lack of objection in the trial court. (*People v. Hudson* (2006) 38 Cal.4th 1002, 1012 [no forfeiture for failure to object to an instruction that incorrectly states the law].)

We review de novo whether a jury instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) Where, as here, a defendant contends an instruction was confusing or misleading, we review the instruction to determine whether the jury was reasonably likely to have construed it in a way that violated the right to a fair trial. (*People v. Franco* (2009) 180 Cal.App.4th 713, 720.) We do not view the instruction in isolation but rather in the context of the entire record, including the arguments of counsel. (*Ibid.*) And we assume jurors are intelligent people capable of understanding and correlating all the instructions given. (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1089.)

Applying those standards, we see no reasonable likelihood the jury was misled by the instruction defining attempt. The trial court gave the pattern instruction for an attempted offense other than murder, CALCRIM No. 460, which informed the jury that the prosecution had to prove defendant intended to commit a certain crime (the "target offense") and took a direct but ineffective step toward committing it. The jury was instructed that "the defendant is charged in Counts 1 and 4 with attempted aggravated kidnapping. The defendant is also charged in Counts 2 and 5 with attempted simple kidnapping. [¶] To prove that the defendant is guilty of at least one of these crimes, the People must prove that, number one, the defendant took a direct but ineffective step

6

towards committing aggravated kidnapping or simple kidnapping; and, number two, that the defendant intended to commit aggravated kidnapping or simple kidnapping."

Defendant challenges the instruction because it included as the target crime both aggravated kidnapping *and* kidnapping, since he was charged with attempting both offenses. He contends the instruction allowed the jury to convict him of the more serious attempted aggravated kidnapping even if the prosecution had proven only that he attempted simple kidnapping. Considering only the instruction on its face, we find it unlikely the jury would believe it could convict defendant of attempted aggravated kidnapping based on a finding he attempted to commit a different offense. And viewed in context with the other instructions and the arguments of counsel, it is even less likely the jury construed the attempt instruction that way. The jury was separately instructed on the elements of both aggravated kidnapping and simple kidnapping, and was instructed that defendant was charged separately with attempting to commit each offense. The prosecution never suggested in closing argument that the jury could convict on the more serious offense if it found an attempt to commit simple kidnapping. On this record, we are not persuaded that the jury was likely to have been misled. We therefore find no instructional error.

## C. SENTENCING ERRORS

For his attacks on the two women, defendant was convicted of, among other offenses, two counts of attempted aggravated kidnapping (counts 1 and 4) and two counts attempted kidnapping (counts 2 and 5). Defendant contends, and the Attorney General concedes, that he cannot properly be convicted of both attempted aggravated kidnapping and attempted kidnapping because the latter is a necessarily included offense to the former. Multiple convictions cannot be based on necessarily included offenses (*People v. Moran* (1970) 1 Cal.3d 755, 763), and kidnapping is a necessarily included offense to aggravated kidnapping. (*People v. Corcoran* (2006) 143 Cal.App.4th 272, 277.) As defendant cannot be convicted of both attempted aggravated kidnapping and attempted

7

kidnapping based on the same conduct, we will vacate the convictions for attempted kidnapping in counts 4 and 5. Because the trial court ordered the prison terms for both counts stayed under Penal Code section 654, there is no effect on defendant's aggregate sentence.

For his attack on the second woman, defendant was convicted, among other offenses, of assault to commit a sexual offense (count 6) and assault by force likely to cause great bodily injury (count 7). Under the three strikes law, the trial court sentenced defendant to 25 years to life on count 6 and another 25 years to life on count 7, to run concurrently. Defendant contends he cannot be punished for assault by force likely to cause great bodily injury as charged in count 7 because that conviction is based on the same conduct as his conviction for assault to commit a sexual offense. Penal Code section 654 prohibits multiple punishments here because, as the Attorney General concedes, the conviction for assault by force likely to cause great bodily injury in count 7 is based on the same conduct as the conviction for assault to commit a sexual offense in count 6. We will therefore modify the judgment to stay the punishment imposed for count 7. Because the term for that count was ordered to run concurrently, there is no effect on defendant's aggregate sentence.

### III. DISPOSITION

The judgment is modified to vacate the conviction for attempted kidnapping (count 4) and to vacate the conviction for attempted kidnapping (count 5). The judgment is further modified to stay the prison term imposed for assault by force likely to cause great bodily injury (count 7). The clerk of the superior court is ordered to amend the abstract of judgment accordingly and to transmit a copy of the amended abstract to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

8

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H046908 - *The People v. Russell*